UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

    Case No. 13-20495
    Honorable Paul D. Borman
    Magistrate Judge Elizabeth A. Stafford

ERIC WASHINGTON,

    Defendant/Petitioner.
_____/

**ORDER GRANTING PETITIONER'S MOTION
TO AMEND HIS MOTION TO VACATE AND/OR
<u>CORRECT SENTENCE UNDER 28 U.S.C. § 2255 [R. 218]</u>**

Defendant-Petitioner Eric Washington, a federal prisoner, filed a motion to vacate and/or correct his sentence pursuant to 28 U.S.C. § 2255 on March 2, 2015. [192]. Before filing its response, the Government moved the Court to waive the attorney-client privilege with respect to the communications between Washington and his attorney that related to ineffective assistance of counsel claims Washing made in his § 2255 petition. [203]. The Court granted the motion. [R. 213].

On May 21, 2015, before the Government filed a response to his habeas petition, Washington filed a motion to amend his § 2255 petition pursuant to Fed. R. Civ. P. 15(a). [R. 218]. The Honorable Paul D. Borman referred the motion to amend to this Court for determination

pursuant to 28 U.S.C. § 636(b)(1)(A). [R. 219]. The Government has not filed a response to Washington's motion to amend, and the time to do so has passed.

Rule 15 governs amendments to habeas corpus petitions. 28 U.S.C. § 2242 (habeas petitions "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"); *see also United States v. Saenz*, 282 F.3d 354, 355-56 (5th Cir. 2002) (collecting cases). Pursuant to Rule 15, the Court should freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). In his motion to amend, Washington seeks to add two ineffective assistance of counsel arguments; his motion includes a memorandum of law in which the arguments are presented.

The Court **GRANTS** Washington's motion to amend [R. 218] and incorporates his additional arguments into his § 2255 habeas petition. The Government must file a supplemental response to Washington's additional arguments by **July 15, 2015**. If either of Washington's additional ineffective assistance of counsel arguments requires further questioning of his prior counsel, the Court orders that the previous order [R. 213] waiving the attorney-client privilege with respect to the communications between Washington and his attorney remains effective. The waiver must still be

construed narrowly, only applying to communications relevant to Washington's arguments – which he has implicitly waived. [*See id.*].

Furthermore, in its response to Washington's habeas petition, the Government asks the Court to "hold an evidentiary hearing to determine whether Washington explicitly directed his counsel to file an appeal." [R. 220, PgID 2558]. The Court preliminarily finds that an evidentiary hearing is appropriate and schedules one for **October 7, 2015 at 1:00 p.m.** Washington will attend the hearing by video conference, and Washington's prior attorney must attend for questioning. If the Court determines any other issues require an evidentiary hearing, it will make appropriate arrangements so that those matters are resolved at the same hearing.

**IT IS ORDERED**.

                                        s/Elizabeth A. Stafford
                                        ELIZABETH A. STAFFORD
                                        United States Magistrate Judge

Dated: June 11, 2015

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1). Unless ordered otherwise by the Court,

the filing of an appeal to the District Judge does not stay the parties' obligations in this Order.  *See* E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 11, 2015.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
