UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

                                Case No. 13-20495

v.                             Honorable Paul D. Borman
                                Magistrate Judge Elizabeth A. Stafford

ERIC WASHINGTON,

        Defendant/Petitioner.

_____/

**REPORT AND RECOMMENDATION TO DENY
DEFENDANT-PETITIONER'S MOTION TO VACATE AND/OR
CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 [R. 192, 218]**

**I.    INTRODUCTION**

On March 2, 2015, Defendant-Petitioner Eric Washington, a federal

prisoner proceeding *pro se*, filed a motion to vacate and/or correct his

sentence pursuant to 28 U.S.C. § 2255. [R. 192]. The Honorable Paul D.

Borman referred the Motion to this Court for report and recommendation

pursuant to 28 U.S.C. § 636(b)(1)(B). [R. 198]. Washington filed a

supplement to his motion on May, 21, 2015. [R. 218]. The Government

responded to Washington's motion and supplemental brief, and

Washington filed a reply. [R. 220, R. 227, R. 240]. For the following

reasons, the Court **RECOMMENDS DENYING** Washington's § 2255

motion to vacate and/or correct his sentence [R. 192, R. 218].

## II.    BACKGROUND

Prior to May 2, 2013, Washington and other individuals formulated a plan to rob a pharmaceutical delivery van containing controlled substances. The conspirators devised how and when to commit the robbery, conducted surveillance on the delivery van, and discussed the distribution of the controlled substances that they planned to steal.

On May 2, 2013, co-conspirators Wilkins Alexander and Raymone Watson drove to the parking lot of the Patient Care Pharmacy in Dearborn and parked behind the pharmaceutical delivery van.  Watson got out of the vehicle, approached the delivery driver and brandished a firearm to compel the driver to relinquish the keys to the van.  The driver complied, and Watson drove off in the van, which contained $45,039 worth of controlled substances and medical supplies.

During the robbery, Washington and co-conspirator Earnest Thompson were nearby acting as lookouts.  Shortly after the robbery, Washington met up with Alexander and Watson and assisted them in transferring the stolen items from the delivery van to his minivan.  From there, Washington, Alexander, and Watson drove to a residence to sort through the stolen property.  Within hours, law enforcement officers tracked the stolen merchandise to the residence, where they arrested several

2

participants and recovered the stolen items.

On May 1, 2014, a federal grand jury returned a Fourth Superseding Indictment against Washington, charging him with conspiracy to commit interference with commerce by robbery, in violation of 18 U.S.C. §1951(a), interference with commerce by robbery, in violation of 18 U.S.C. §1951(a), brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §924(c), and four counts of possession with intent to distribute controlled substances, in violation of 21 U.S.C. §841(a)(1).  [R. 108].  Washington pleaded guilty to conspiracy to commit interference with commerce by robbery and brandishing a firearm during and in relation to a crime of violence, pursuant to a Rule 11 plea agreement, and the Government dismissed the other charges.  [R. 138].

In the plea agreement, the Government indicated that Washington's guideline range was 135 to 147 months, calculated as follows: 51-63 months for the robbery conspiracy plus 84 months consecutive for the firearm charge.  [*Id.*, PgID 897].  Washington contended that his guideline range was 117 to 125 months, calculated as follows: 33-41 months for the robbery conspiracy plus 84 months consecutive for the firearm charge. [*Id.*].  The firearm charge carried a mandatory minimum of sentence of seven years.  18 U.S.C. § 924(c)(1)(A)(ii).

3

On August 20, 2014, the Court accepted the Rule 11 plea agreement, found that the guideline range was 125-135 months (41-51 months for the robbery conspiracy charge and 84 months for the firearm charge), and sentenced Washington to a 66-month term of incarceration.  [R. 149, PgID 960; R. 208, PgID 2427].

During the sentencing hearing, the Court determined that Washington's offense level should be increased by two levels pursuant to Application Note 3 to United States Sentencing Guideline § 2B3.1, upon finding that the value of property loss was greater than $50,000 but less than $250,000.  [R. 208, PgID 2423-27].  In calculating the loss, the Court included the value of the controlled substances and medical supplies as well as the value of the delivery van, which was estimated to be between $5,000 and $7,500.  [*Id.*].  Had the loss amount been less than $50,000, Washington's offense level would have only been increased one level.

On March 2, 2015, Washington filed a motion to vacate and/or set aside his sentence pursuant to 28 U.S.C. § 2255.[1]  [R. 192].  On May 21, 2015, Washington filed a supplement to his § 2255 motion.  [R. 218].  The Government responded to Washington's motion and supplemental brief, and Washington filed a reply.  [R. 220, R. 227, R. 240].

---

[1] In his motion, Washington incorrectly states that he was sentenced to a 125-month term of imprisonment.  [R. 192, PgID 2335].

## III.   APPLICABLE LAW

### A.   § 2255 Motion to Vacate, Set Aside, or Correct Sentence

The substantive provisions of 28 U.S.C. § 2255 provide that a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255 para. 1.  Thus, a defendant may be entitled to § 2255 relief if his conviction or sentence violates either the Constitution or a federal statute.  To prevail under § 2255, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (citation omitted).

### B.   Ineffective Assistance of Counsel

The Sixth Amendment right to counsel and right to effective assistance of counsel protect the fundamental right to a fair trial.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To establish the ineffective assistance of counsel, a defendant must show that: (1) counsel's errors were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) "the deficient

5

performance prejudiced the defense." *Id.* at 687. To satisfy the first element, a defendant must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Id.* at 687-88. Judicial scrutiny of an attorney's performance is "highly deferential"; there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id.* at 689. With respect to the prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

## IV.    ANALYSIS

Washington makes three arguments in his initial motion and two arguments in his supplemental brief.

### A.    Washington's § 2255 Motion

#### 1. Ineffective Assistance of Counsel – Failure to File Appeal

In his motion, Washington claims that he told his attorney, Carl Jordan, that he wanted to file an appeal after being sentenced, and he argues that Jordan was ineffective for failing to file a timely appeal and for failing to consult with him regarding filing an appeal. [R. 192, PgID 2335-37]. On October 28, 2015, the Court conducted a hearing on this matter,

6

which Washington attended via video conference.  The proceeding was originally scheduled as an evidentiary hearing, during which Washington and Jordan would testify regarding Washington's alleged request for Jordan to appeal the sentence.  The Court appointed Washington counsel for the hearing.  [R. 253].

However, prior to initiating the evidentiary questioning part of the hearing, the Court asked Washington preliminary questions regarding whether he still intended to pursue this particular argument.  The Court's inquiry was based on a June 18, 2015 letter from Washington, in which he stated that he did not want to go forward with his appeal with regard to his argument that counsel was ineffective for failing to file an appeal.  [*See* R. 223, PgID 2573-74].  In response to the Court's questions during the October 28, 2015 hearing, Washington affirmed that he did not want to appeal his sentence and no longer wanted to pursue his argument that counsel was ineffective for failing to file an appeal.  Therefore, an evidentiary hearing was no longer necessary, and Washington's argument that counsel was ineffective for failing to file an appeal is deemed withdrawn.

## 2. Ineffective Assistance of Counsel – Failure to Object Under Sentencing Guideline Amendment 599

Pursuant to Sentencing Guideline Amendment 599, which is

incorporated into the 2013 Sentencing Guideline Manual in Application Note 4 to U.S.S.G. § 2K2.4, when a defendant is sentenced for brandishing a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c), no weapon enhancement should be applied when determining the sentence for the underlying crime of violence.  Washington argues that the Court violated Amendment 599 by including a weapon enhancement to the guideline range for his robbery conspiracy charge and that his attorney was ineffective for failing to object to this error.

Contrary to Washington's position, however, the Court did not apply a two-level weapon enhancement to the guideline range for Washington's robbery conspiracy charge.[2]  Thus, Washington's claim that his counsel was ineffective for failing to object under Amendment 599 is without merit.

### 3. Sixth Amendment Violation – Guidelines Calculation Based on Facts Not Proven Beyond a Reasonable Doubt

In his third claim, Washington challenges the application of a two-level enhancement for amount of loss under U.S.S.G. 2B3.1(b)(7)(C).  He argues the two-level enhancement violated the Sixth Amendment because it was based on the Court's finding by a preponderance of the evidence that the amount of loss was more than $50,000 but less than $250,000,

---

[2] *See* offense level computation in the Presentence Investigation Report at ¶¶ 28-41.

rather than facts admitted by him during the plea or facts established beyond a reasonable doubt and found by a jury.  This argument fails.

In support of his argument, Washington cites *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. —, 133 S.Ct. 2151 (2013), both of which addressed statutory sentencing provisions.  In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.  The *Alleyne* Court held that any fact that increases the mandatory minimum sentence for a crime is not a mere sentencing factor, but is an element of the offense that must be found by the jury beyond a reasonable doubt. *Alleyne*, 133 S.Ct. 2151.

Neither *Apprendi* nor *Alleyne* is implicated here because the two-level enhancement pertained to the advisory sentencing guidelines, not a statutory minimum or maximum.  *See United States v. Dillard*, Case No. 11-20248, 2013 WL 5966284, at *7-8 (E.D. Mich. Nov. 8, 2013) (Borman, J.) (Sixth Amendment is not impacted by the advisory sentencing guideline range under which defendant was sentenced); *United States v. Ibrahim*, 529 Fed. Appx. 59, 64 (2d Cir. 2013) ("application of guidelines enhancements that do not increase the statutory maximum or minimum

9

penalty neither implicates nor violates a defendant's Sixth Amendment right to a jury trial").

Moreover, Washington admits in the Rule 11 plea agreement that "[t]he contents of the van and the van itself were valued at more than $50,000[.]" [R. 138, PgID 896]. The amount of loss contemplated by U.S.S.G. 2B3.1(b)(7) is "the value of the property taken, damaged or destroyed." *See* U.S.S.G. 2B3.1, Application Note 3. Since the van was "taken," the Court properly considered its value when determining the amount of loss.

In his letter to the Court, Washington claims that his attorney was ineffective for failing to investigate and ensure that the loss amount was below $50,000. [*See* R. 223, PgID 2573-74]. This argument lacks merit. As stated, Washington admits in the plea agreement that the contents of the van and the van were valued at greater than $50,000. Further, the sentencing hearing transcripts reveal that medical supplies, pharmaceutical drugs and van, when combined, had a value in excess of $50,000. [R. 208, PgID 2423-26]. Despite the evidence to the contrary, Washington's counsel argued at the sentencing hearing that the amount of loss was less than $50,000, but the Court rejected that argument. [*Id.*]. Thus, Washington cannot show that his counsel's performance was ineffective or

10

that he was prejudiced, so his ineffective assistance of counsel claim fails.

*See Strickland*, 466 U.S. at 687-88, 694.

**B.    Washington's Supplemental Brief**

### 1. Ineffective Assistance of Counsel – Failure to Argue that Insufficient Evidence Existed to Convict Him of Brandishing a Firearm

Washington argues that his counsel deprived him of effective

assistance of counsel by failing to argue that there was insufficient

evidence to convict him of brandishing a firearm under an aiding and

abetting theory of liability.  [R. 218, PgID 2539].  The Government points

out that he was convicted of the brandishing offense under a *Pinkerton*[3]

theory of liability, not as an aider and abettor.  [R. 227, PgID 2595].

Under *Pinkerton*, a conspirator is held liable for the crimes of other

co-conspirators that are within the reasonably foreseeable scope of the

conspiracy.  *Pinkerton v. United States*, 328 U.S. 640, 645-48 (1946);

*United States v. Odom*, 13 F.3d 949, 959 (6th Cir. 1994) ("Once a

conspiracy is shown to exist, the *Pinkerton* doctrine permits the conviction

of one conspirator for the substantive offense of other conspirators

committed during and in furtherance of the conspiracy, even if the offense

is not an object of the conspiracy." (citation omitted)).  To be convicted

---

[3] *Pinkerton v. United States*, 328 U.S. 640, 645-48 (1946).

based on *Pinkerton* liability for the firearm charge, each of the following elements must be proved beyond a reasonable doubt: (1) Washington was a member of the underlying robbery conspiracy; (2) after he joined the conspiracy, and while he was still a member of it, one or more of the other members committed the crime of brandishing a firearm during and in relation to a crime of violence; (3) the brandishing a firearm crime was committed to help advance the conspiracy; and (4) the brandishing a firearm crime was within the reasonably foreseeable scope of the conspiracy and one that Washington could have reasonably anticipated as a necessary or natural consequence of the agreement.  *See Pinkerton*, 328 U.S. at 645-48; *see also* Sixth Circuit Pattern Jury Instructions 3.10, Pinkerton Liability for Substantive Offenses Committed by Others, Sept. 9, 2015.[4]

Washington specifically admitted during the plea hearing that one of the co-conspirators obtained control of the van and its contents by force or threatened force of the firearm, and that he knew one of the co-conspirators had, and planned to use, the gun during the robbery.  [R. 207, PgID 2412-13].  Further, Washington signed the Rule 11 plea agreement, which contains the admission that "[t]he brandishing of the firearm was

---

[4] http://www.ca6.uscourts.gov/internet/crim_jury_insts/pdf/crmpattjur_full.pdf

done to help advance the conspiracy and it was within the reasonably foreseeable scope of the conspiracy." [R. 138, PgID 896]. Based on those admissions, a sufficient factual basis existed to convict Washington of brandishing a firearm during and in relation to a crime of violence under a *Pinkerton* theory of liability, and Washington's counsel was not ineffective for failing to challenge the sufficiency of the evidence

In his reply brief, Washington claims that his statements were made under duress, and that nothing in the plea agreement shows that he admitted the brandishing. Both claims fail. During the plea hearing, Washington answered "[n]o" when asked if "anyone threated or coerced [him] to plead guilty" [R. 207, PgID 2410]; he answered "[y]es" when asked if he was "pleading guilty freely and voluntarily because you are guilty and it's your choice to plead guilty" [*id.*, PgID 2411]; and the Court concluded that his pleas were "knowingly, freely, [and] voluntarily made." [*Id.*, PgID 2412, 2414]. Further, contrary to Washington's assertion, the plea agreement does demonstrate that he admitted that "[t]he brandishing of the firearm was done to help advance the conspiracy and it was within the reasonably foreseeable scope of the conspiracy." [R. 138, PgID 896].

Because Washington admitted the elements of the brandishing a firearm charge, his counsel was not deficient in failing to challenge the

13

sufficiency of the evidence, especially where the record demonstrates that

Washington pleaded guilty knowingly, freely, and voluntarily.

### 2. Ineffective Assistance of Counsel – Failing to Object to Seven-Year Mandatory Minimum Sentence Under § 924(c)

In his second supplemental claim, Washington says his counsel

deprived him of effective assistance of counsel by failing to object to the

seven-year statutory mandatory minimum sentence under 18 U.S.C. §

924(c).  [R. 218, PgID 2544].  Section 924(c) applies when a defendant

brandishes a firearm during and in relation to a crime of violence.  As

noted, Washington admitted to the facts to support this charge in his plea

agreement, so any challenge by his attorney to the seven-year mandatory

minimum would have been without merit.  This ineffective assistance of

counsel claim fails.

## V.    CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS DENYING**

Washington's § 2255 motion to vacate and/or correct his sentence [R. 192,

R. 218].

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: November 16, 2015

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in**

**length and complexity to the objections**, but there is otherwise no page

limitation.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 16, 2015.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager

16