UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC WASHINGTON,

        Petitioner,

        Criminal Case Number 13-20495
        Civil Case Number 15-10768
        Honorable Paul D. Borman

UNITED STATES OF AMERICA,

        Respondent.

_____/

## ORDER TRANSFERRING SECOND OR SUCCESSIVE MOTION TO VACATE SENTENCE TO THE UNITED STATES COURT OF APPEALS

On March 14, 2016, the petitioner filed a document entitled "Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255(f)(3) & (4)." This is the second such motion the petitioner has filed in this case. The previous motion, filed March 2, 2015 was denied on February 2, 2016. Because the present motion is his second motion filed under 28 U.S.C. § 2255, the Court must transfer the case to the court of appeals for determination whether the petitioner may file a second motion. 28 U.S.C. §§ 2255(h), 2244(b)(3)(A).

Petitioner Eric Washington was convicted on his plea of guilty of conspiracy to commit interference with commerce by robbery and brandishing a firearm during and in relation to a crime of violence, pursuant to a Rule 11 plea agreement, and at sentencing, the Government dismissed the other charges. He was sentenced on August 20, 2014 to a prison term of 66 months, well below his sentencing guideline range of 125 to 135 months, as ruled by the Court at the sentencing hearing. Washington did not file a direct appeal from his conviction or sentence. Seven months later, Washington filed a motion to vacate his sentence under 28 U.S.C. § 2255, on the grounds of ineffective representation of counsel for failing to file a timely notice of appeal, for failing to object to enhancements to the guideline range and failing to argue against the seven-year minimum

sentencing for brandishing a firearm during and in relation to a crime of violence. The Court found that those arguments lacked merit and denied the motion. In his present "amended" motion, the petitioner argues that conspiracy to commit interference with commerce by robbery is categorically not a "crime of violence" under the United States Supreme Court's recent decision in *Johnson v United States,* 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). An individual seeking to file a second or successive motion under section 2255 first must ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. §§ 2255(h), 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Congress has vested in the court of appeals a screening function that the district court would have performed otherwise. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). When a defendant files a second or successive motion to vacate his sentence in the district court without preauthorization from the court of appeals, the district court must transfer the motion papers to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

    The petitioner cannot proceed with his present motion without first obtaining permission to file a second or successive motion to vacate or correct his sentence from the court of appeals.

Therefore, the Clerk of Court is ordered to transfer the motion papers to the court of appeals pursuant to *In re Sims* and 28 U.S.C. § 1631.

Accordingly, it is **ORDERED** that the petitioner's motion to vacate sentence [dkt. #282] is **DENIED WITHOUT PREJUDICE** for want of jurisdiction.

It is further **ORDERED** that the Clerk of Court shall transfer the motion to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

                              s/Paul D. Borman  
                              PAUL D. BORMAN  
                              UNITED STATES DISTRICT JUDGE

Dated: March 22, 2016

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 22, 2016.

                              s/Deborah Tofil  
                              Case Manager